IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. 5:03-CV-00469-BR-(3)

Jessica R. Wilson, a Minor, by and )
through her parent and next friend, )
Douglas McPhail )
)
Plaintiff, )
)
v. )
)
Dr. Terry M. Brown, et al. )
)
Defendants. )

FILED
FEB 27 2004
US DISTRICT COURT, EDNC
BY_____ DEP CLK

## MOTION TO DISQUALIFY ATTORNEY FOR CONFLICT OF INTERESTS

COMES NOW, Plaintiff Douglas McPhail to ask the court for an immediate ruling on the issue of a Conflict of Interest and improper representation of Defendants' Terry Brown, John Dascal and the Cumberland County Board of Education. Plaintiff also seeks an immediate ruling to prevent Defense Counsel from continuing his representation of Defendant's Brown, Dascal and the Cumberland County Board of Education. Support of this motion is found in Plaintiff's attached Declaration in Support for Disqualification and the Brief in Support for Disqualification of Attorney.

Respectfully submitted, this the 23 day of February, 2004.

*/s/ Douglas McPhail*
Douglas McPhail
Pro se
615 Kellam Circle
Fayetteville, NC 28311
(910) 822-1712

25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. 5:03-CV-469-BR-(3)

| | |
|---|---|
| Jessica R. Wilson, a Minor, by and through her parent and next friend, Douglas McPhail<br><br>Plaintiff,<br><br>v.<br><br>Dr. Terry M. Brown, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEY

Douglas McPhail states under penalty of perjury that;

1. He is the Plaintiff in the above-entitled action.

2. Upon investigation, it appears that the Defendants' multiple representation by the same attorney presents a direct and adverse conflict of interest to each of the Defendants.

3. This information was not immediately discovered before now because Plaintiff is not a member of the Bar.

4. The action of this civil rights suit was brought against the Cumberland County Board of Education in its' official capacity.

5. A civil rights action was also brought against two employees employed by the same school district, but brought against them in their individual capacity.

6. If a civil or criminal action is brought against an employee or administrator of the school system, and it is brought in its' official or

individual capacity, then by statute, multiple representation is possible pursuant to N.C.G.S. 143-300.3.

7. The civil action is brought against these employees in their individual capacity and is seeking punitive damages.

8. Employees sued for civil rights violations in their individual capacity are subject to possible punitive damages.

9. This creates the adverse and potential conflict of interest between the Board of Education and the employees named in the suit.

10. North Carolina law can refuse by statute to provide assistance to an employee pursuant to N.C.G.S. 143-300.4(a)(3), N.C.G.S. 143-300.4(a)(4) and N.C.G.S. 143-300.15.

11. North Carolina law further states, in N.C.G.S.143-300.13 that the fund and insurance established for the payment of civil suits, will not pay for punitive damage awards of any amount.

12. The employees named in this suit are both subject to potential punitive damage awards.

13. As such, both employees present current conflicts of interest with the Cumberland County Board of Education.

14. Municipalities are immune and therefore not subject to punitive damage awards.

15. Because this current conflict exists, Counsel's multiple representation is improper and should be disqualified by the Court.

16. The conflict of interest with this concurrent representation prohibits current counsel from offering, suggesting or participating in formulating a possible settlement of this matter before the court.

17. That is because any potential settlement offer may be advantageous to one Defendant, whereas it may be adverse to another, when all the Defendants' are represented by the same counsel.

18. If any settlement is proffered or reached, it can be overturned by this conflict of interest.

WHEREFORE, Plaintiff requests that the court grant his Motion to Disqualify Attorney.

Respectfully submitted, this the 23 day of February, 2004.

*Douglas McPhail*

Douglas McPhail
Pro se
615 Kellam Circle
Fayetteville, NC 28311
(910) 822-1712

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2-23-04.

*Douglas McPhail*

Douglas McPhail